**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:11-cr-00036

ALICIA A. CICCARELLI,

               Defendant.

**REVOCATION OF PROBATION AND JUDGMENT ORDER**

On June 27, 2012, the Defendant, Alicia A. Ciccarelli, appeared in person and by counsel, Edward H. Weis, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* and *Amendments to the Petition* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Joshua C. Hanks, Assistant United States Attorney. United States Probation Officer Keith Zutaut was also present at the hearing.

On June 27, 2011, the Defendant was sentenced to a 5 year term of probation. The Defendant began serving the term of probation on that date. On December 20, 2011, the Defendant appeared before this Court for violating certain conditions of her probation. At that time, the Court held the matter in abeyance. On May 17, 2012, the Defendant's probation officer petitioned the Court to enter a *Request for Modifying the Conditions of Probation*. On that date, the Court modified the Defendant's term of probation as follows: the Defendant shall reside at Lebanon Community Corrections Center in Lebanon, Virginia, and abide by the rules and regulations of the facility for six months as a condition of probation. On June 4, 2012, the *Amendment* to the original

Petition was filed charging the Defendant with violating additional conditions of probation, and on June 18, 2012, a *Second Amendment* to Petition was filed charging the Defendant with violating additional conditions of probation.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and *Amendments*, and that the evidence against the Defendant had been disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the preceding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of probation as contained in the *Petition* and *Amendments*.  Specifically, the Court found that the Defendant violated the following conditions:

1. **Violation of Special Condition.  While on probation, the defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The defendant must also comply with the standard terms and conditions of probation as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.**  On August 11, 2011, the defendant failed to appear for a scheduled substance abuse counseling session at Trinity Health Systems, Steubenville, Ohio.  Records relative to this missed counseling session are attached to the petition.

2. **Violation of Special Condition.  While on probation, the defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The defendant must also comply with the standard terms and conditions of probation as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.**  On September 1, 2011, at 7:00 p.m.,

2

U.S. Probation Officer Daniel Fugate spoke with the defendant by telephone.  She was instructed to report to the U.S. Probation Office, Wheeling, West Virginia for a drug test on September 2, 2011, on or before 1:15 p.m.  The defendant failed to report as instructed for a drug test.

3.   **Violation of Mandatory Condition.  The defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.**  On September 6, 2011, the defendant was administered a drug test at the U.S. Probation Office, Wheeling, West Virginia.  The results of this preliminary drug test were positive for opiates and oxycodone.  The defendant sub sequently admitted the use of heroin on September 3, 2011, and the use of percocet (without a prescription) on September 4, 2011.  Therefore, the defendant was in possession of heroin and percocet in violation of 21 U.S.C. § 844.  A copy of the positive urinalysis test acknowledgment form is attached to the petition.

4.   **Violation of Mandatory Condition.  The defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.**  On September 12, 2011, the defendant reported to the U.S. Probation Office, Wheeling, West Virginia.  During this office visit, the defendant verbally admitted to U.S. Probation Officer Daniel Fugate that she used 10 stamp bags of heroin on September 8, 2011, and again used 10 stamp bags of heroin on September 9, 2011.  Therefore, the defendant was in possession of heroin in violation of 21 U.S.C. § 844.

5.   **Violation of Special Condition.  While on probation, the defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The defendant must also comply with the standard terms and conditions of probation as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.** On September 27, 2011, the defendant was admitted to the Mother Program, a residential substance abuse treatment program, at the FMRS Health Systems, Inc., Center, Beckley, West Virginia.  On November 14, 2011, the defendant was unsuccessfully discharged from the program as a result of her unauthorized leave from the center.  A copy of the termination letter is attached to the petition.

On November 16, 2011, a drug test was obtained on defendant by USPO Amy Richmond, SD/WV (Beckley Office).  This test revealed positive result for benzodiazepines.  To date, the drug test has not been confirmed.

**Amendment to Petition**

7.    **Violation of special condition dated January 23, 2012: The Defendant will abide by all the rules and regulations of Storm Haven and in the event that the Defendant is discharged from Storm Haven for any reason, Supervisory Probation Officer Keith Zutaut shall be notified immediately by the Defendant.** The [defendant] has failed to notify the United States Probation Office of her discharge and of this date, her whereabouts are unknown.

**Second Amendment to Petition**

3.    **Violation of standard condition.  The defendant shall not commit another federal, state, or local crime.  The defendant shall not unlawfully possess a controlled substance.**  On June 11, 2012, [the defendant] submitted a urine specimen positive for opiates.  The [defendant] admitted having used percocet intravenously on June 10, 2012. [The defendant] did not possess a prescription for Percocet.

In making these findings, the Court relied upon the information contained in the *Petition* and *Amendments*, and the statement's of Defendant's counsel.  The Court did not make a finding regarding Violation Number 6 in the *Amendment*.

Having found the Defendant to be in violation of the conditions of probation, the Court **REVOKED** the Defendant's probation and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **10 months**.  The defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons.  The Court recommends that the defendant be evaluated for and placed in any and all appropriate substance and/or alcohol abuse treatment programs which may be offered by the Bureau of Prisons.  The Court recommends that the defendant be placed in FPC Alderson.  Upon release from prison, the Defendant shall be placed on supervised release for a term of 36 months.  Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the

4

Defendant is released.  While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        June 28, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

5